Case 1:20-cr-00044-LEK   Document 1   Filed 06/10/20   Page 1 of 11   PageID #: 1

**ORIGINAL**

**SEALED BY ORDER OF THE COURT**

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

CRAIG S. NOLAN
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Craig.Nolan@usdoj.gov

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

CHRISTOPHER J. PERRAS
Special Litigation Counsel
THOMAS A. JOHNSON
Trial Attorney
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 307-6962
Facsimile: (202) 514-6588
Email: Christopher.Perras@usdoj.gov
Thomas.Johnson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 10 2020

at 5 o'clock and 20 min. P M
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JASON TAGALOA, (01)<br>CRAIG PINKNEY, and (02)<br>JONATHAN TAUM, (03) <br><br> Defendants. | CR. NO. CR20-00044 LEK <br><br> INDICTMENT <br><br> [18 U.S.C. § 242, 371, and 1519] |

INDICTMENT

The Grand Jury charges:

## General Allegations

At all times relevant to this Indictment:

1. The Hawaii Community Correctional Center ("HCCC"), located in Hilo, Hawaii, was a state jail operated by the Hawaii Department of Public Safety ("DPS"). Located on the jail facility's grounds were the Waianuenue recreation yard (the "Rec Yard") and the Punahele housing complex.

2. JASON TAGALOA, CRAIG PINKNEY, and JONATHAN TAUM, the defendants, and Officer A, an individual known to the Grand Jury and not charged in this Indictment (collectively, the "Officers"), were employed by DPS and worked as Adult Correctional Officers at HCCC.

3. JONATHAN TAUM held the rank of Sergeant at HCCC and served as a supervisory Adult Correctional Officer.

4. Inmate 1, an individual known to the Grand Jury, was an inmate housed at HCCC.

5. Internal Affairs was an investigative and administrative branch of DPS responsible for investigating violations of policy or law by employees of HCCC and DPS.

6. During an investigation by Internal Affairs, investigators could require employees involved in or witness to potential violations of policy or law to complete Internal Affairs Questionnaires relating to the potential violations.

7. The Federal Bureau of Investigation had jurisdiction to investigate civil rights violations.

Count 1
Deprivation of Rights under Color of Law
(18 U.S.C. §§ 242 and 2)

8. On or about June 15, 2015, within the District of Hawaii, JASON TAGALOA, CRAIG PINKNEY, and JONATHAN TAUM, the defendants, and Officer A, while acting under color of law and while aiding and abetting one another, willfully deprived Inmate 1 of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment. Specifically, TAGALOA, PINKNEY, TAUM, and Officer A physically assaulted Inmate 1 in the HCCC's Rec Yard, and failed to intervene to protect Inmate 1 from being assaulted, despite having had the opportunity to do so. This offense resulted in bodily injury to Inmate 1 and involved the use of dangerous weapons (shod feet).

All in violation of Title 18, United States Code, Sections 242 and 2.

Count 2
Deprivation of Rights under Color of Law
(18 U.S.C. § 242)

9. On or about June 15, 2015, within the District of Hawaii, JASON TAGALOA, the defendant, while acting under color of law, willfully deprived Inmate 1 of the right, secured and protected by the Constitution and laws of the

United States, to be free from cruel and unusual punishment. Specifically, TAGALOA physically assaulted Inmate 1 in the F7 holding cell of HCCC's Punahele complex. This offense resulted in bodily injury to Inmate 1.

All in violation of Title 18, United States Code, Section 242.

<u>Count 3</u>
Conspiracy to Obstruct Justice
(18 U.S.C. § 371)

10. On or about and between June 15, 2015 and December 20, 2016, both dates being approximate and inclusive, within the District of Hawaii, JASON TAGALOA, CRAIG PINKNEY, JONATHAN TAUM, the defendants, and Officer A knowingly and willfully combined, conspired, and agreed with one another and with other correctional officers known and unknown to the Grand Jury to commit the following offenses against the United States:

  a. To knowingly falsify, conceal, cover up, or make a false entry in a record or document with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within federal jurisdiction, or in relation to or in contemplation of such a matter, in violation of 18 U.S.C. § 1519; and

  b. To knowingly engage in misleading conduct toward another person with the intent to hinder, delay, or prevent the communication to a federal

law enforcement officer or judge of truthful information relating to the commission or possible commission of a federal offense, in violation of 18 U.S.C. § 1512(b)(3).

<u>Manner and Means of the Conspiracy</u>

11.   TAGALOA, PINKNEY, TAUM, and Officer A intended to cover up the assault on Inmate 1 charged in Count 1 of this Indictment, and to obstruct any investigation arising out of that assault, by engaging in a variety of obstructive acts, including devising a false cover story to explain and justify their use of excessive force, documenting that false cover story in official reports, and repeating that false cover story when questioned during investigations or disciplinary proceedings arising out of the assault.

<u>Overt Acts Committed in Furtherance of the Conspiracy</u>

12.   In furtherance of the conspiracy and to effect the objects thereof, TAGALOA, PINKNEY, TAUM, and Officer A committed the following overt acts, among others, within the District of Hawaii:

    a.   After the assault charged in Count 1 of this Indictment, TAGALOA, PINKNEY, TAUM, and Officer A met to discuss what information to include in, and what information to omit from, the Incident Report ("IR") and Use of Force Report ("UFR") completed by each of the Officers;

    b.   Before the end of their shifts, the Officers wrote and submitted the false and misleading IRs and UFRs charged in Counts 4-6 of this Indictment;

5

      c.      After learning that an internal investigation had been or soon would be opened to investigate the assault on Inmate 1 charged in Count 1 of this Indictment, TAUM invited TAGALOA, PINKNEY, and Officer A to his house so that the Officers could devise ways in which to explain and justify their use of excessive force against Inmate 1 in the Waianuenue Rec Yard;

      d.      In advance of that meeting, TAUM obtained a copy of HCCC surveillance video of the assault on Inmate 1;

      e.      At that meeting, TAGALOA, PINKNEY, TAUM, and Officer A watched video of the assault and devised and agreed upon ways in which to explain and justify their use of excessive force against Inmate 1. For example, in order to explain and justify their use of untrained strikes, such as kicking and punching Inmate 1 in the face, head, and body, the Officers agreed to state that Inmate 1 was not subdued by trained strikes;

      f.      When the Officers received their Internal Affairs Questionnaires, they discussed with one another ways in which to apply their false cover story to specific questions posed to them;

      g.      TAGALOA and Officer A wrote and submitted Internal Affairs Questionnaires in which they continued to stick to the false cover story they had discussed during the meeting at the house of TAUM and at other times; and

      h.     During the ensuing disciplinary proceedings, TAGALOA and Officer A testified and continued to stick to the false cover story they had discussed during the meeting at the house of TAUM and at other times.

All in violation of Title 18, United States Code, Section 371.

Count 4
Obstruction by False Report
(18 U.S.C. § 1519)

13.    On or about June 15, 2015, within the District of Hawaii, JASON TAGALOA, the defendant, acting in relation to and in contemplation of a matter within the jurisdiction of the United States, knowingly falsified, concealed, covered up, and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, TAGALOA wrote, signed, and submitted an IR and a UFR documenting a false cover story intended to cover up the assaults charged in Count 1 and 2 of this Indictment. In the IR, TAGALOA wrote, in pertinent part, that the Officers used "brachial stuns and brachial plex[u]s tie in strikes to gain compliance so inmate could be restrain[e]d." In the UFR, in response to the prompt, "Describe in Detail Force Used (the type and amount)," TAGALOA wrote, "Reactive [u]se of force [was used] to gain control/compliance." Those reports were false and misleading because, as TAGALOA then well knew, (1) the Officers did not perform "brachial stuns and brachial plex[u]s tie in strikes," which are use-of-force

techniques taught at HCCC, but rather kicked and kneed Inmate 1, punched him in the face, and used hammer-fist strikes to the back of his head; (2) the Officers, at various points during the incident, used force against Inmate 1 that was not "reactive" (because Inmate 1 was not resisting) and was not used "to gain control/compliance" (because Inmate 1 had already been subdued); (3) TAGALOA omitted from both reports that for several minutes, during much of which the Officers held Inmate 1 pinned face-down on the ground of the Rec Yard, TAGALOA, PINKNEY, TAUM, and Officer A punched, kneed, and kicked Inmate 1 in the face, head, and body dozens of times; and (4) TAGALOA omitted from both reports that he physically assaulted Inmate 1 in the F7 holding cell, as charged in Count 2 of this Indictment.

All in violation of Title 18, United States Code, Section 1519.

Count 5
Obstruction by False Report
(18 U.S.C. § 1519)

14.     On or about June 15, 2015, within the District of Hawaii, CRAIG PINKNEY, the defendant, acting in relation to and in contemplation of a matter within the jurisdiction of the United States, knowingly falsified, concealed, covered up, and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, PINKNEY wrote, signed, and submitted a UFR documenting

a false cover story intended to cover up the assault charged in Count 1 of this Indictment. In response to the prompt, "Describe in Detail Force Used (the type and amount)," PINKNEY wrote, "Inmate was removed from the Waianuenue housing unit and escorted to the Punahele housing unit through the Waianuenue rec yard. Inmate became ag[g]ressive and violent towards staff and was taken down." That report was false and misleading because, as PINKNEY then well knew, (1) Inmate 1 was not violent or aggressive with the Officers before they took him to the ground; and (2) PINKNEY omitted from that report that for several minutes, during much of which the Officers held Inmate 1 pinned face-down on the ground of the Rec Yard, TAGALOA, PINKNEY, TAUM, and Officer A punched, kneed, and kicked Inmate 1 in the face, head, and body dozens of times.

All in violation of Title 18, United States Code, Section 1519.

Count 6
Obstruction by False Report
(18 U.S.C. § 1519)

15.     On or about June 15, 2015, within the District of Hawaii, JONATHAN TAUM, the defendant, acting in relation to and in contemplation of a matter within the jurisdiction of the United States, knowingly falsified, concealed, covered up, and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. TAUM wrote, signed, and submitted an IR and a UFR documenting a false

cover story intended to cover up the assault charged in Count 1 of this Indictment. In his IR, TAUM wrote, in pertinent part, that right before Inmate 1 "was taken to the ground to be restrained," Inmate 1 "turned and tried to run back to Waianuenue." In his UFR, TAUM wrote, in response to the prompt, "Describe the Incident in Detail," that during transfer to a different cell, Inmate 1 "attempted to run and resisted transfer[,]. . . was taken down and restrained[,] . . . [and] resisted the entire time." Those reports were false and misleading because, as TAUM then well knew, (1) Inmate 1 did not turn and try to run before he was taken to the ground; (2) once Inmate 1 was on the ground, he resisted for a brief period but did not resist for "the entire time" the Officers were using force against him; and (3) TAUM omitted from both reports that for several minutes, during much of which the Officers held Inmate 1 pinned face-down on the ground of the Rec Yard,

//

//

//

//

//

//

//

//

TAGALOA, PINKNEY, TAUM, and Officer A punched, kneed, and kicked Inmate 1 in the face, head, and body dozens of times.

All in violation of Title 18, United States Code, Section 1519.

DATED: June 10, 2020, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson

FOREPERSON, GRAND JURY

KENJI M. PRICE
United States Attorney
District of Hawaii

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

CRAIG S. NOLAN
Assistant U.S. Attorney

CHRISTOPHER J. PERRAS
Special Litigation Counsel

THOMAS A. JOHNSON
Trial Attorney

United States v. Jason Tagaloa, et al.
Indictment
Cr. No. CR20-00044 LEK

11